484 So.2d 762 (1986)
Roy and Florence WADSWORTH
v.
TOWN OF BERWICK.
No. CA841229.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*763 Charles B. Colvin, Abadie, Cooper & Harang, New Orleans, for plaintiffs.
Raymond C. Jackson, III, Arthur I. Robison, Allen, Gooche, Bourgeois, Breaux & Robison, Lafayette, for defendant.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
GROVER L. COVINGTON, Chief Judge.
Plaintiffs appeal a summary judgment in defendant's favor dismissing plaintiffs' suit, which claimed damages for injuries allegedly sustained by their minor child when she fell off a slide in a park owned by defendant. The trial judge granted defendant's motion for summary judgment based on La.R.S. 9:2795[1] and the immunity from liability which that statute confers upon landowners who permit use of their property for recreational purposes. Plaintiffs argue on appeal that the statute in question is unconstitutionally vague and broad, and that it violates due process in failing to meet a "reasonableness" test in relation to its stated purpose.
We need not reach the issue of constitutionality as the summary judgment must be reversed on other grounds. At the time the learned trial judge rendered his decision, our Supreme Court had not yet rendered its opinion in either Keelen v. State of Louisiana, Department of Culture, Recreation and Tourism, 463 So.2d 1287 (La.1985) or Landry v. The Board of Levee Commissioners, 477 So.2d 672 (La.1985).
Keelen, supra, involved a swimming pool death in a state park. The court there held that the legislature intended to confer immunity *764 upon owners of undeveloped, non-residential, rural or semi-rural land areas. 463 So.2d at 1290. In addition to the type of land involved, the Court stated:
The injury-causing condition or instrumentality must also be scrutinized.... When the injury-causing condition or instrumentality is of the type normally encountered in the true outdoors, then the statutes provide immunity. Conversely, when the instrumentality, whether found in an urban or rural locale, is of the type usually found in someone's backyard, then the statutes afford no protection. [Emphasis ours. Footnote omitted.] 463 So.2d at 1290.
Landry, supra, involved injuries allegedly sustained on the grounds adjacent to the New Orleans lakefront and seawall. The Court, there, holding that the Orleans Levee Board did not enjoy immunity, under La.R.S. 9:2791 and 2795, repeated its stance in Keelen, stating:
... the Legislature by these statutes intended to confer immunity only upon owners of undeveloped, non-residential, rural or semi-rural land areas.

The Legislature surely did not intend to cloak with immunity the owner of such property as is involved here, a recreational area within a populated city, adjacent to a much travelled ... [d]rive, and within a stone's throw of an exclusive residential area developed in the city of New Orleans many years ago. 477 So.2d at 675.
Obviously, there is a great deal of difference between the character of a recreational area in the City of New Orleans and the character of a recreational area in the Town of Berwick; nevertheless, the considerations outlined in Landry may be applicable to the present case. The operative word here is "may"; the location and character of Stewart Park, the recreational area in question, as it relates to the Town of Berwick are not apparent from the record.
Whether the principles of Landry are applicable in this instance is unnecessary to determine, however, as the facts in this case require us to apply the test set forth in Keelen. Under this test, the injury-causing instrumentality, here, a slide, falls outside the contemplation of the statute and prevents the Town of Berwick from claiming immunity under La.R.S. 9:2795.
The judgment of the trial court must be reversed, and this case remanded for further proceedings.
The costs for this appeal in the amount of $388.25 are assessed to the defendant-appellee. All other costs are to await final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] La.R.S. 9:2795 provides as follows:

A. As used in this Section:
(1) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) "Recreational purposes" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreational purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) "Charge" means the admission price or fee asked in return for permission to use lands.
(5) "Person" means individuals regardless of age.
B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.
(2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(3) Incur liability for any injury to person or property incurred by such person.
C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.