576 A.2d 1193

**Jacqueline Nicole MARKO, a minor, by her parent and natural guardian Charlene MARKO and Charlene Marko in her own right, Appellants,**

**v.**

**CITY OF PHILADELPHIA and Game Time, Inc. and F & S Quality Construction, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided June 26, 1990.

Reargument Denied August 8, 1990.

James T. Vernile, Philadelphia, for appellants.

Alan C. Ostrow, Asst. City Sol., for appellee, City of Philadelphia.

Before COLINS and McGINLEY, JJ., and SILVESTRI, Senior Judge.

## OPINION

COLINS, Judge.

Jacqueline Marko, a minor in an action brought by her mother and natural guardian, appeals a Philadelphia County Court of Common Pleas order granting the City of Philadelphia's (City) motion for judgment on the pleadings.[1] We affirm.

Marko was injured in a fall from the exercise bars on a City-owned playground. She brought an action against the City, alleging negligence for failing to install a safety surface beneath the exercise bars. The trial court granted judgment on the pleadings, concluding that the City was immune from liability for injuries sustained on its municipal playground pursuant to Section 3 of the Recreational Use of Land and Water Act (Act)[2] and Section 8550

---

1. Our scope of review is limited to determining whether the trial court committed an error of law or abuse of discretion. *E-Z Parks, Inc. v. Philadelphia Parking Authority*, 110 Pa. Commonwealth Ct. 629, 532 A.2d 1272 (1987).

2. Act of February 2, 1966, P.L. (1965) 1860, *as amended*, 68 P.S. § 477–3, which reads as follows:

of the Judicial Code.[3]

Marko contends that judgment on the pleadings was improperly granted because material facts remain in dispute. In particular, Marko maintains that there is a factual question as to whether the playground was a small, enclosed, controlled facility to which the Act is inapplicable.

While Marko may be correct as to the applicability of the Act, the trial court had no indication from the pleadings that the playground in question was such a facility. Viewing, as it must, all well-pleaded allegations as true, the trial court's application of the law was proper. This Court has held that the Act protects owners of inner-city outdoor municipal playgrounds. *DiMino v. Borough of Pottstown*, 129 Pa. Commonwealth Ct. 154, 564 A.2d 1329 (1989); *Walsh v. City of Philadelphia*, 126 Pa. Commonwealth Ct. 27, 558 A.2d 192 (1989), *appeal granted*, 523 Pa. 645, 565 A.2d 1169 (1989).

Marko further contends that the trial court erroneously denied leave to amend the complaint in order to plead that the playground was a small, supervised, accessible facility, thereby removing the City from the Act's protections. Because Marko pled that the injury occurred on a facility protected by the Act, any further detail or description in an amended complaint is unnecessary to determine the Act's application. Even assuming the amended facts as true, remand would be futile based on our application of *DiMino* and *Walsh*.

Finally, Marko asserts that the Act's protections do not extend to actions of willful or malicious conduct; however, if Marko were to prove such conduct, the City as landowner would be further protected pursuant to Section

**Duty to keep premises safe; warning**
Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

3. Section 8550 precludes actions against a local agency for its employee's willful misconduct. 42 Pa.C.S. § 8550.

8550 of the Judicial Code, wherein the City is immune for actions of willful misconduct by its employees. *King v. Breach,* 115 Pa. Commonwealth Ct. 355, 540 A.2d 976 (1988). Moreover, the willful misconduct allegations are contained in a count for punitive damages, which are not recoverable against the City in accordance with Section 8553(c) of the Judicial Code.

Accordingly, we affirm.

## ORDER

The order of the Court of Common Pleas of Philadelphia County, No. 604 July Term 1986, dated October 3, 1989, is affirmed.

Former President Judge CRUMLISH did not participate in the decision in this case.