584 A.2d 403

**Dawn Marie WURTH, a Minor by her parent and natural guardian, Nancy WURTH and in her own right, Appellants,**

**v.**

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1990.

Decided Dec. 14, 1990.

630

Libro G. Taglianetti, Jr., Briglia & Taglianetti, Philadel-
phia, for appellants.

Alan C. Ostrow, Asst. City Sol., with him, Seymour Kurland, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, Miriam B. Brenaman, Divisional Deputy in Charge of Appeals and Jack J.C. Herzig, Asst. City Sol., Philadelphia, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, KELLEY and BYER, JJ.

SMITH, Judge.

Dawn Marie Wurth, a minor, and her mother, Nancy Wurth (Appellants) appeal an order of the Court of Common Pleas of Philadelphia County sustaining preliminary objections filed by the City of Philadelphia (City) and dismissing Appellants' complaint as barred by the Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477-1—477-8, commonly known as the Recreation Use of Land and Water Act (Recreation Act), and Section 8542(b) of the Judicial Code (Code), 42 Pa.C.S. § 8542(b). Appellants' complaint alleged that Appellant Dawn Marie Wurth slipped and fell in a playground owned and maintained by the City and severely cut her hand as a result of a defective condition present in the playground. The City's preliminary objections asserted that the Recreation Act barred Appellants' claim against the City as a matter of law.

I

Preliminarily, this Court is required once again to address the propriety of raising affirmative defenses by means of preliminary objections instead of new matter. Pa.R.C.P. No. 1030 provides that "[a]ll affirmative defenses including but not limited to ... immunity from suit ... *shall* be pleaded in a responsive pleading under the heading 'New Matter'...." (Emphasis added.) Notwithstanding the mandatory language of Rule 1030, litigants in this Commonwealth have time and again raised affirmative defenses, including immunity, by way of preliminary objections; and

the courts of this Commonwealth have time and again entertained the merits of these pleadings, sometimes while expressly approving the procedure [1] and sometimes while admonishing offending litigants for violating the Rules of Civil Procedure.[2] In this Court, three major lines of cases have developed which permit, under certain circumstances, a court's review of the affirmative defense of governmental immunity when raised by preliminary objections. The first allows immunity to be raised by preliminary objections where the immunity is clear on the face of the pleadings, notwithstanding Rule 1030. *See, e.g., Dorsch v. Butler Area School District*, 105 Pa.Commonwealth Ct. 519, 525 A.2d 17 (1987); *Harris v. Rundle*, 27 Pa.Commonwealth Ct. 445, 366 A.2d 970 (1976). The second permits a court to review the merits of an immunity defense (and no doubt other affirmative defenses) raised by preliminary objections where the opposing party fails to object to the procedural defect, thereby waiving Rule 1030. *See, e.g., Hawkins v. City of Harrisburg*, 120 Pa.Commonwealth Ct. 369, 548 A.2d 399 (1988); *County of Allegheny v. Dominijanni*, 109 Pa.Commonwealth Ct. 484, 531 A.2d 562 (1987). The third combines both approaches, stating that if the defense of immunity is apparent on the face of the challenged pleading, the immunity defense will be considered on preliminary objection unless the opposing party challenges this procedure by filing preliminary objections to the preliminary objections. *See, e.g., Malia v. Monchak*, 116 Pa.Commonwealth Ct. 484, 543 A.2d 184 (1988); *Ziccardi v. School District of Philadelphia*, 91 Pa. Commonwealth Ct. 595,

1. *See, e.g., Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A.2d 576 (1967), *cert. denied, Scarselletti v. Aetna Casualty & Surety Co.*, 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968), *reh'g denied*, 393 U.S. 899, 89 S.Ct. 72, 21 L.Ed.2d 187 (1968); *Dorsch v. Butler Area School District*, 105 Pa.Commonwealth Ct. 519, 525 A.2d 17 (1987); *Harris v. Rundle*, 27 Pa.Commonwealth Ct. 445, 366 A.2d 970 (1976).

2. *See, e.g., Freach v. Commonwealth*, 471 Pa. 558, 564–565 n. 6, 370 A.2d 1163, 1166–67 n. 6 (1977), *overruled insofar as inconsistent with Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978); *Cotter v. School District of Philadelphia*, 128 Pa.Commonwealth Ct. 159, 161–62, 562 A.2d 1029, 1030 (1989); *Hawkins v. City of Harrisburg*, 120 Pa.Commonwealth Ct. 369, 371 n. 1, 548 A.2d 399, 400 n. 1 (1988).

498 A.2d 452 (1985); *Swartz v. Masloff,* 62 Pa.Commonwealth Ct. 522, 437 A.2d 472 (1981).

In this case, Appellants failed to object to the manner in which the City raised its immunity defense by answering the City's preliminary objections instead of filing preliminary objections against them. *See Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986) (the proper method for challenging the propriety of preliminary objections raising an affirmative defense is by preliminary objections to the challenged preliminary objections). Thus, under one line of cases there is no issue to discuss. Under the other lines of cases, however, the trial court's review of the City's preliminary objections would have been improper if the City's immunity defense under the Recreation Act was not apparent on the face of Appellants' complaint. What "apparent on the face of the complaint" actually means, however, is subject to dispute. One line of cases holds that the averments in the complaint itself makes the defense apparent or not apparent. *See Ziccardi.*

Another line of cases holds that the merits of the defense must be analyzed against the complaint's averments to ultimately determine whether the defense is apparent (that is, meritorious) on the face of the complaint. *See Dorsch.* In the latter instance, the analysis seems to concern itself more with whether the preliminary objections were providently granted as opposed to the procedural issue of whether preliminary objections raising an immunity defense were proper in the first place. It is incumbent upon this Court, therefore, to review the law concerning the propriety and/or application of raising an immunity defense by preliminary objection to determine whether in this case the Court shall consider the merits of the issues raised by the City's preliminary objections or reverse the trial court's order because the preliminary objections were improperly raised and ruled upon by the trial court.[3] In this regard,

3. Regarding the dilemma that the various opinions on this procedural issue have caused or can cause, see Forsythe, *Pleading the Defense of*

this Court's scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *E–Z Parks, Inc. v. Philadelphia Parking Authority,* 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1987), *appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988).

## II

■ There is no doubt that the words of Rule 1030 explicitly require that the immunity defense be pleaded as new matter. *See* Pa.R.C.P. No. 127(b) ("When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"). The Rule itself does not provide for an exception where the affirmative defense is apparent on the face of the complaint, allowing the defense to be raised by preliminary objections. Pa.R.C.P. No. 1032, concerning waiver of defenses, is also explicit. It provides that "[a] party waives all defenses *and objections* which he does not present either by preliminary objection, answer or reply, except" four specific defenses, none concerning the issue before this Court. (Emphasis added.) Rule 1032 has been applied to a party's failure to object to an opposing party's failure to comply with the procedural requirements of Rule 1030. *National Recovery Systems v. Frebraro,* 287 Pa.Superior Ct. 442, 430 A.2d 686 (1981). Thus, a party may waive objections to an affirmative defense raised by preliminary objections. *See also Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980) (failure to file preliminary objections to a defendant's preliminary objections raising the affirmative defense of *res judicata* waives the procedural defect).

Pa.R.C.P. No. 1017(b)(4), however, provides that a demurrer, which may not include the bar of a statute of limitations or frauds, may be raised by preliminary objections. In *Greenberg v. Aetna Insurance Co.,* 427 Pa. 511, 235 A.2d

*Local Agency Immunity in Pennsylvania: The Requirements of Rule 1030 New Matter and The Preliminary Objection,* 27 Duquesne L.Rev. 661 (1989).

576 (1967), *cert. denied, Scarselletti v. Aetna Casualty & Surety Co.,* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366, *reh'g denied,* 393 U.S. 899, 89 S.Ct. 72, 21 L.Ed.2d 187 (1968), the Pennsylvania Supreme Court held that the clear language of Rule 1017(b) allows preliminary objections, including those raising affirmative defenses, to be filed against a pleading which shows on its face that a claim cannot be sustained. The Supreme Court also acknowledged its long-standing practice of sustaining preliminary objections raising affirmative defenses where the pleading is facially devoid of merit, stating that this procedure can avoid long and unnecessary delays. *Id.,* 427 Pa. at 518, 235 A.2d at 579. As this Court stated in *Harris,* the *Greenberg* decision would appear to settle the matter, allowing affirmative defenses to be raised both in new matter and in preliminary objections where the defense is clear on the face of the pleadings. Since *Greenberg,* however, holdings and statements by the Supreme Court have raised questions about the appropriateness of this approach.

In *Freach v. Commonwealth,* 471 Pa. 558, 370 A.2d 1163 (1977), *overruled insofar as inconsistent with Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), decided ten years after *Greenberg,* the Supreme Court stated in a footnote:

> It is to be noted that immunity from suit is an affirmative defense which should be pleaded under the heading "New Matter" in a responsive pleading; it is not properly raised by preliminary objections. *See* Pa.R.C.P. 1030. Since, however, the plaintiffs-appellants did not object at any point in the proceedings before the Commonwealth Court [which had original jurisdiction in this case] to the manner in which the issue of immunity was raised and the Commonwealth Court decided the immunity questions on their merits, we will do likewise. By doing so, we do not condone the disregard of the Pennsylvania Rules of Civil Procedure by appellees.

*Id.* 471 Pa. at 564–65 n. 6, 370 A.2d at 1166–67 n. 6. In *Freach,* the Commonwealth's preliminary objections against

two survival and wrongful death actions were sustained on the basis of sovereign immunity, arguably a defense apparent on the face of the complaint. The Superior Court later found that the Supreme Court's admonitions in *Freach* were controlling over *Greenberg* in *Barber v. Lynch,* 275 Pa.Superior Ct. 333, 418 A.2d 749 (1980).

Eight years after *Freach,* the Supreme Court in *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985), reversed the trial court's sustaining of preliminary objections raising affirmative defenses of quasi-judicial immunity and waivable statute of limitations, stating that these defenses "must be pleaded under new matter" pursuant to Rule 1030. *Id.,* 506 Pa. at 635, 487 A.2d at 816. Since these affirmative defenses were not properly raised by preliminary objections, the Court reasoned that no valid objection was before the trial court when it ruled on the preliminary objections. The Court's holding indicates that even if the opposing party waived the procedural defect, a court should nonetheless dismiss preliminary objections raising affirmative defenses because of the express command of Rule 1030.[4]

■ There has been no waiver in the law in this Commonwealth, however, that a preliminary objection in the nature of a demurrer can be sustained and a complaint dismissed when the complaint is clearly insufficient on its face to establish the pleader's right to relief. *See, e.g., Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986); *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985); *Cianfrani v. State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984). It is certainly possible—and those cases which have sustained preliminary objections on the grounds of governmental immunity have borne this out—that a complaint may be drawn against a governmental body setting forth a cause of action which does not fall within any of the exceptions to governmental immunity, and

---

**4.** In subsequent years, however, it has appeared that the Supreme Court has moved away from its strict interpretation of Rule 1030 in *Kyle. See* Farinacci; *Gardner v. Consolidated Rail Corp.,* 524 Pa. 445, 573 A.2d 1016 (1990).

such is apparent on the face of the complaint. In such an instance, it is needless to prolong proceedings when the matter can be correctly and quickly decided on preliminary objections in the nature of a demurrer pursuant to Rule 1017(b)(4). This was the rationale and holding of *Greenberg*, which has never been overruled.

Therefore, the affirmative defense of governmental immunity may be raised by preliminary objections in the nature of a demurrer where that defense is apparent on the face of the pleading; that is, that a cause of action is made against a governmental body and it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity. Further, in the absence of this circumstance, preliminary objections raising the immunity defense may be considered if the opposing party waives the procedural defect. In the case *sub judice*, Appellants have waived the procedural defect, and therefore this Court may review the merits of the trial court's order sustaining the preliminary objections, in essence to review whether the City's immunity is clear on the face of Appellants' complaint.[5]

## III

In testing the legal sufficiency of the complaint, all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *McNeill v. City of Philadelphia*, 104 Pa.Commonwealth Ct. 494, 522 A.2d 174 (1987). Since the sustaining of a demurrer results in the denial of a claim or the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt. *County of Allegheny*. The trial court in this case found

5. The logic of Rule 1030, however, is that a factual record need be developed in the ordinary case before the affirmative defense can be conclusively established. In this regard, see *McNeill v. City of Philadelphia*, 104 Pa.Commonwealth Ct. 494, 522 A.2d 174 (1987), which reversed the trial court's sustaining of the City's preliminary objections raising an immunity defense under the Recreation Act because this Court was not able to determine the applicability of the Recreation Act on the basis of the complaint alone.

that Appellants' cause of action, alleging injury on a playground owned by the City arising from the City's carelessness, recklessness, negligence, and willful and wanton misconduct, was barred both by the Recreation Act and Section 8542(b) of the Code.

The Recreation Act was enacted for the stated purpose of encouraging "owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 68 P.S. § 477–1. It provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." 68 P.S. § 477–3. Further, an owner who "directly or indirectly invites or permits without charge any person to use such property for recreational purposes" does not incur liability for injury to such persons. 68 P.S. § 477–4. An exception to the immunity granted under this act arises "[f]or willful or malicious failure to guard against a dangerous condition, use, structure, or activity" or when the owner charges the injured person for entry onto the land for recreational use. 68 P.S. § 477–6. Protection under the Recreation Act has been extended to the Commonwealth in *Department of Environmental Resources v. Auresto*, 511 Pa. 73, 511 A.2d 815 (1986), and to local government landowners in *Farley v. Township of Upper Darby*, 100 Pa.Commonwealth Ct. 535, 514 A.2d 1023 (1986), *appeal denied*, 517 Pa. 611, 536 A.2d 1334 (1987).

"Recreational purpose" under the Recreation Act "includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picknicking, hiking, pleasure driving, nature study, water skiing, water sports and viewing or enjoying historical, archaeological, scenic, or scientific sites." 68 P.S. § 477–2(3). "Land" is defined under the act as "land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to

the realty." 68 P.S. § 477–2(1). Although the Recreation Act's definition of land is not restricted on its face, the Pennsylvania Supreme Court, in *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 510 Pa. 1, 507 A.2d 1 (1986), construed all of the provisions of the act, considered its purposes, and reviewed interpretations of the act or similar acts in other jurisdictions,[6] and concluded that the intent of the legislature in enacting the Recreation Act was "to limit the applicability of the Recreation Use Act to outdoor recreation on largely unimproved land." 510 Pa. at 16, 507 A.2d at 8. The Court in *Rivera* held that an enclosed swimming pool was not covered under the Recreation Act, even though swimming was specifically listed as a recreational use, because such land was beyond the contemplation of the Recreation Act's protection. In order to determine in the case *sub judice* whether the trial court erred in sustaining the City's preliminary objections on the grounds of immunity under the Recreation Act, this Court must first determine whether a playground is land covered by the Recreation Act.[7]

## IV

The issue of whether a municipal playground is covered under the Recreation Act has come before this Court on previous occasions. In *McNeill*, a minor appellant alleged that he was injured after striking a wire supporting a tennis net as he was riding his bike on a tennis court which was part of a playground owned by the City. The trial court sustained the City's preliminary objections raising the defense of immunity under the Recreation Act. This Court reversed, stating that the "mere fact that the City owned and operated the playground/tennis court ... leads to the inference that such a location could not constitute 'largely

6. The Recreation Act is a model act which the Commonwealth and fifteen other states adopted essentially without change. In all, forty-six states have enacted recreational use statutes by 1986. *Rivera.*

7. *See* Note, *Beyond Commonwealth v. Auresto: Which Property is Protected by the Recreation Use of Land & Water Act?*, 49 U.Pitt.L.Rev. 261 (1987).

unimproved land' within the meaning of *Rivera*. Indeed, the inference arises that the subject playground/tennis court more closely resembles 'an enclosed recreational facilit[y] in [an] urban area' as held beyond the scope of the Recreation Act in *Rivera*." 104 Pa.Commonwealth Ct. at 503, 522 A.2d at 179. The Court did not rule on whether a playground/tennis court was actually covered or not covered under the Recreation Act because the factual record was not yet developed enough for that decision to be made. As this Court stated, apropos to the earlier discussion on procedure in the present opinion, "[h]ad the City properly raised the defense of immunity by way of New Matter, thereby occasioning a responsive pleading on the part of appellants, we might have an enhanced factual record from which to make such a determination." *Id.*

In *Walsh v. City of Philadelphia*, 126 Pa.Commonwealth Ct. 27, 558 A.2d 192 (1989), *appeal granted*, 523 Pa. 645, 565 A.2d 1169 (1989), it was held that an outdoor paved playground lot owned by the City constitutes "land" within the meaning of the Recreation Act. *Walsh*, however, is an opinion by a panel of this Court in which two judges concurred in the result only and wrote separately to state that the Supreme Court's *Rivera* and *Auresto* opinions leave the matter of the Recreation Act's applicability troublingly vague. *Walsh*, therefore, has no precedential value. *See Commonwealth v. Hurst*, 367 Pa.Superior Ct. 214, 532 A.2d 865 (1987).

Although *Walsh* has been cited as precedent by panels of this Court to hold that municipal playgrounds fall under the immunity of the Recreation Act in *DiMino v. Borough of Pottstown*, 129 Pa.Commonwealth Ct. 154, 564 A.2d 1329 (1989), and *Marko v. City of Philadelphia*, 133 Pa. Commonwealth Ct. 574, 576 A.2d 1193 (1990), this Court concludes that the approach to this issue taken by the earlier *McNeill* opinion is closer to the reasoning and conclusions of the Supreme Court in *Rivera* and, indeed, to the intent of

the Recreation Act itself.[8] If the Recreation Act were intended to protect landowners of largely unimproved land who donate their land for recreational purposes, then it follows that land improved by a playground may not necessarily be covered by the act. *See Gibson v. Keith*, 492 A.2d 241 (Del.1985) (holding that Delaware's residential use act, which is virtually identical to the Recreation Act, applies to undeveloped rural or semi-rural land and water areas and not to urban or residential areas improved with swimming pools, tennis courts, and the like); *Labree v. Millville Manufacturing, Inc.*, 195 N.J.Super. 575, 481 A.2d 286 (1984) (noting that New Jersey's recreation use act, which is very similar to the Recreation Act, applies only to undeveloped, open, and expansive rural and semi-rural properties and not to residential and populated neighborhoods); *Wadsworth v. Town of Berwick*, 484 So.2d 762 (La.App. 1st Cir.1986) (holding that a suit alleging injuries by a child who fell off a slide in a municipal park was not barred by a Louisiana recreation act, which closely resembles the Recreation Act, because the Louisiana act was construed to confer immunity only upon landowners of undeveloped, non-residential, rural, or semi-rural land areas). *Compare Watson v. City of Omaha*, 209 Neb. 835, 312 N.W.2d 256 (1981) (holding that a suit alleging injuries by a child who fell off a slide in a municipal park was barred by a Nebraska recreation act, which closely resembles the Recreation Act, because the court found that the term "recreational purposes" was sufficiently broad enough to include normal activities afforded by public parks; however, this decision did not consider the issue of what land is covered and what land is not covered by the act as our Supreme Court did in

---

**8.** In *Favoroso v. Bristol Borough*, 131 Pa.Commonwealth Ct. 231, 569 A.2d 1045 (1990), this Court affirmed the grant of a municipality's motion for summary judgment raising the defense of the Recreation Act where the minor plaintiff alleged that she was injured when she struck a rock protruding from the ground of a municipal playground. The only issue raised and the only issue this Court discussed in *Favoroso*, however, was whether the municipality had waived its immunity defense under the Recreation Act by not raising it until the municipality filed its motion for summary judgment. Therefore, *Favoroso* is distinguishable from *Walsh, DiMino,* and *Marko.*

*Rivera* ). This Court notes that the litany of defined "recreational purposes" under the Recreation Act, while not exhaustive, supports the interpretation that the act was intended to provide immunity for landowners who donated largely unimproved land for such "outdoorsy" purposes: hunting, fishing, hiking, camping, picknicking, etc.

 This Court therefore concludes that a playground is not per se land covered by the Recreation Act. The facts of each case must be considered to determine whether the playground, or that portion of it at issue, constitutes largely unimproved land which, under *Rivera,* is covered by the Recreation Act. In the case before this Court, Appellants allege only that the injury occurred on a playground owned by the City and located within the City. At the very least, as this Court stated in *McNeill,* there must arise the inference that a playground owned by the City would not constitute the largely unimproved land covered by the Recreation Act. Indeed, there exists the strong possibility that the playground is improved to the extent that it more closely resembles the enclosed urban facility in *Rivera* which was outside the scope of the Recreation Act. In either event, the issue of the City's immunity under the Recreation Act is far from clear based upon the Appellants' complaint alone. The trial court therefore erred in sustaining the City's preliminary objections based upon the City's immunity under the Recreation Act.[9]

## V

 Although the issue was not raised by the City in its preliminary objections, the trial court also held that the City was immune under Section 8542(b) of the Code because Appellants' cause of action did not fall within any of the eight exceptions to local governmental immunity. Section

9. Because this Court concludes that the City's defense under the Recreation Act is not clear, this Court need not address the issue argued before this Court of whether Appellants have sufficiently pled willful or malicious misconduct against the City. This issue would be ripe only if the City's Recreation Act defense was firmly established. *See* 68 P.S. § 477–6.

8542(b)(3) of the Code, however, provides that one of the eight exceptions concerns the "care, custody or control of real property in the possession of the local agency." While this exception is to be narrowly construed, it is clearly applicable to the acts of a local agency or its employees which make the real property in the possession of the local agency unsafe for the activities for which that property is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). Appellants allege that the injuries arose from a defective condition which existed and was allowed to exist on real property owned and controlled by the City. Therefore, the City's immunity under the Code is unclear at this stage of the proceedings as well.

For the foregoing reasons, the order of the trial court is reversed, and the matter is remanded to the trial court so that this case may proceed in the appropriate manner.

BYER, J., concurs in the result only.

ORDER

AND NOW, this 14th day of December, 1990, the order of the Court of Common Pleas of Philadelphia County dated February 6, 1989 is hereby reversed, and this case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.