615 A.2d 462

Joseph COMBS and Donna Combs, Parents and Natural Guardians of Casey Combs, a Minor and Joseph Combs and Donna Combs, In Their Own Right, Appellants,

v.

BOROUGH OF ELLSWORTH, Bentworth School District and Commonwealth of Pennsylvania, Department of Transportation and Rita C. Morrow, Appellees.

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1992.

Decided May 26, 1992.

Publication Ordered Oct. 5, 1992.

Beth A. Scagline, for appellant.

Dale K. Forsythe, for appellees.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

Joseph Combs and Donna Combs as parents and natural guardians of Casey Combs, a minor, and, in their own right, (appellants), appeal from an order of the Court of Common Pleas of Washington County (Common Pleas) which sustained preliminary objections in the nature of a demurrer filed by the Bentworth School District (School District) to appellants' amended complaint.

The factual background of this appeal concerns an action that appellants filed against the School District, the Borough of Ellsworth (Borough) and the Department of Transportation (DOT), (collectively appellees), to recover damages for personal injuries sustained by Casey Combs (minor appellant) in an accident that occurred on March 6, 1990. On that date, while crossing State Highway 917 at its intersection with Walnut Street, going toward his school bus stop (as designated by the School District), minor appellant was struck by an automobile operated by additional appellee, Rita Morrow (Morrow), who was proceeding in a northerly direction on Route 917.

The School District filed preliminary objections in the nature of a demurrer to appellants' complaint, asserting immunity to any liability claimed, pursuant to what is commonly referred to as the Political Subdivision Tort Claims Act (Act), (Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542). Appellants then filed an amended complaint, alleging that the School District's selection and designation of a school bus stop at the intersection of Route 917 and Walnut Streets created a dangerous condition for minor appellant and proximately caused his injuries, because two large buildings on both sides of the intersection obstructed the field of vision of approaching drivers on Route 917.

The School District filed the same preliminary objections in the nature of a demurrer as formerly, alleging both immunity from liability, and the failure of appellants to set forth facts establishing any exception to immunity pursuant to 42 Pa.C.S. § 8542(b)(3).[1] After briefs were filed by both appellants and School District addressing the latter's preliminary objections, argument was held and, on July 8, 1991, Common Pleas entered an order sustaining the preliminary objections to the amended complaint. This appeal followed.

█ Preliminarily, it should be noted that appellants failed to procedurally challenge the propriety of the School District's raising the immunity defense by way of preliminary objections. In a similar case, this Court held that "preliminary

---

1. 42 Pa.C.S. § 8542(b)(3) provides:

    (b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

    (3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. A [sic] used in this paragraph, 'real property' shall not include:
    (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
    (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
    (iii) streets; or
    (iv) sidewalks.

objections raising the immunity defense may be considered if the opposing party waives the procedural defect." *Wurth v. City of Philadelphia,* 136 Pa. Commonwealth Ct. 629, 638, 584 A.2d 403, 407 (1990). Even if, in the present matter, this defect had not been waived by appellants, the Court traditionally has reasoned that:

> the affirmative defense of governmental immunity may be raised by preliminary objections in the nature of a demurrer where that defense is apparent on the face of the pleading; that is, that a cause of action is made against a governmental body and it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity.

*Id.* at 638, 584 A.2d at 407.

The foregoing being applicable to the present case, we may now review the merits of Common Pleas' order sustaining the School District's preliminary objections on the basis that the immunity defense is apparent on the face of appellants' complaint.

Appellants argue that their complaint clearly established that the School District was under a duty to provide a safe school bus stop for minor appellant, that it was negligent in breaching said duty, and that this breach caused the injuries sustained by minor appellant. Appellants further contend that, pursuant to Section 510 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 5–510 [2] and 75 Pa.C.S. § 3345(h) and (i),[3] the School District is

---

**2.** 24 P.S. § 5–510 provides in pertinent part:

**§ 5–510. Rules and regulations; safety patrols**

The board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers, and other appointees or employes during the time they are engaged in their duties to the district, as well as regarding the conduct and deportment of all pupils attending the public schools in the district, during such time as they are under the supervision of the board of school directors and teachers, including the time necessarily spent in coming to and returning from school.

**3.** 75 Pa.C.S. §§ 3345(h) and (i) provide respectively:

responsible for establishing regulations governing the activities of students en route to and from school, and for selecting the situs of school loading zones along highways. The designation and use of this dangerous intersection of Route 917 and Walnut Street as a school bus stop constitute, argue appellants, an actual defect of the real estate itself (not simply a situation facilitating harm caused by a third party), thereby bringing their cause of action within the parameters of the real estate exception to governmental immunity.

■ Upon examining the record, we must agree with Common Pleas in sustaining the School District's preliminary objections in the nature of a demurrer on the basis that appellants' amended complaint fails to establish unequivocally the School District's possession and control of the real property on which the bus stop was located, and also fails to allege, as a proximate cause of minor appellant's injuries, any dangerous physical or topographical condition of the land itself at the intersection of Route 917 and Walnut Street.

In *City of Philadelphia v. Buck,* 138 Pa. Commonwealth Ct. 250, 253–54, 587 A.2d 875, 877, *petition for allowance of appeal denied,* 528 Pa. 618, 596 A.2d 801 (1991), where the applicability of the real property exception was similarly at issue, the Court stated:

A demurrer will be sustained only when it appears, with certainty, that the law permits no recovery under the allegations pleaded. *Wurth v. City of Philadelphia,* 136 Pa. Commonwealth Ct. 629, 584 A.2d 403 (1990); *Judge v.*

§ 3345. **Meeting or overtaking school bus**

.    .    .    .    .

(h) **Loading zones for school children.**—Every school district transporting school children by school bus shall establish and maintain school bus loading zones at or near all schools to or from which school children are transported and shall establish school bus loading zones along the highways traversed by school buses in accordance with regulations promulgated by the department.

(i) **Mandatory use of loading zones.**—Whenever school bus loading zones have been established at or near a school or along a highway, it is unlawful for a school bus operator to stop the bus to pick up or discharge school children at any location other than at the loading zones. A list of approved loading zones for the route of the bus shall be carried by the operator.

*Allentown and Sacred Heart Hospital Center,* 90 Pa. Commonwealth Ct. 520, 496 A.2d 92 (1985). Further, in reviewing the instant appeal, this Court is guided by the principle that since 42 Pa.C.S. § 8542(b)(3) is an exception to the rule of governmental immunity, its provisions must be narrowly interpreted given the expressed legislative intent to insulate local agencies from tort liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

■ In consideration of the foregoing caveat, we note further that in *Mascaro,* our Supreme Court clearly stated that the real estate exception only applies where the artificial condition or defect of the land itself causes the injury, not when it facilitates injury by a third party. In the present case, the School District's site selection for a school bus stop, however negligent, cannot be equated with either an artificial condition or physical defect in the real estate, and the injuries sustained by minor appellant were proximately caused by a third party's motor vehicle. Similarly, in *Farber v. Pennsbury School District,* 131 Pa. Commonwealth Ct. 642, 571 A.2d 546 (1990), we found that a school district's negligent failure to supervise a school-sponsored sporting event, resulting in a student sustaining injuries, did not fall within the real property exception.

Accordingly, based upon the foregoing discussion, the order of the Court of Common Pleas of Washington County sustaining the School District's preliminary objections should be affirmed.

## ORDER

AND NOW, this 26th day of May, 1992, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed.

SILVESTRI, Senior Judge, concurs in the result only.