564 A.2d 1329

**Nathan DiMINO, a Minor, by his parents and natural guardians, John DiMINO and Eleanor DiMino, and John DiMino and Eleanor DiMino, husband and wife, in their own right**

**v.**

**BOROUGH OF POTTSTOWN, School District of Pottstown, Recreation Consultants and Floyd G. Hersh, Inc.**

**Appeal of BOROUGH OF POTTSTOWN, Appellant.**

**Nathan DiMINO, et al.**

**v.**

**BOROUGH OF POTTSTOWN and Recreational Consultants, Inc., et al.**

**Appeal of SCHOOL DISTRICT OF POTTSTOWN, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Sept. 25, 1989.

Reargument Denied Dec. 7, 1989.

156

Joseph T. Bodell, Jr., with him, Louis A. Bove, Swartz, Campbell & Detweiler, Philadelphia, for appellant, Borough of Pottstown.

David J. Otis, Media, with him, Craig S. Hudson, Liebert, Short & Hirshland, Philadelphia, for appellant, School Dist. of Pottstown.

Mark A. Lublin, with him, Ruth R. Wessel and Nicholas Poduslenko, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, for appellees.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

McGINLEY, Judge.

Before us are the consolidated interlocutory appeals of the Borough of Pottstown (Borough) and the School District of Pottstown (School District) filed pursuant to respective orders of the Court of Common Pleas of Montgomery County (common pleas court) which pursuant to Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b) certified for appellate review [1] its denial of motions for summary judgment filed on behalf of the Borough and School District to a civil action brought by Nathan DiMino (Nathan), a minor,

---

1. Pursuant to Section 702(b) of the Judicial Code, this Court permitted the Borough and School District's interlocutory appeals.

and his parents, John and Eleanor DiMino (DiMinos) to recover damages for injuries Nathan sustained as a result of a bicycle accident.

On September 9, 1981, Nathan, then fourteen years old, sustained severe injuries including a shattered kidney which was surgically removed, permanent brain damage and permanent disfigurement when he lost control of his bicycle in a gravel storm sewer ditch or ravine (storm ditch) and struck a concrete cylinder drain capped by a manhole cover. The storm ditch was surrounded on both sides by the Borough's Maple Street Playground (playground) which contains tennis courts, two baseball fields, basketball courts and various playground equipment. Although the playground, jointly operated by the Borough and School District, was fenced in, the storm ditch was not.

On May 25, 1983, Nathan and his parents, filed a civil action for damages alleging the Borough and School District were negligent in knowingly allowing a dangerous condition to exist on the playground and failing to take any measures to protect children from possible injury.

After the close of the pleadings, the Borough and School District filed motions for judgment on the pleadings asserting they were immune from suit under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541 and the Recreation Use of Land and Water Act (Recreation Act), Act of February 2, 1966, P.L. (1965) 1860, *as amended,* 68 P.S. §§ 477–1 to 477–8. The motions were denied and the Borough and School District subsequently filed motions for summary judgment, again claiming immunity. The common pleas court denied the motions without prejudice, granting the Borough and School District leave to refile their motions for summary judgment based upon this Court's decision in *Farley v. Township of Upper Darby,* 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986). The Borough and School District refiled the motions for summary judgment. The motions were again denied, but the common pleas court subsequently certified for review the Borough and School District's interlocutory appeals under Section 702(b) of the

Judicial Code, 42 Pa.C.S. § 702(b). This Court subsequently permitted the appeals.

We must determine whether the Borough and School District, both political subdivisions of the Commonwealth, are afforded immunity as a matter of law under the Recreation Act, when read in *pari materia* with the governmental immunity provisions set forth in Sections 8541 and 8542 of the Judicial Code, from a personal injury claim under the circumstances presented.

■ Our scope of review of a common pleas court order either granting or denying summary judgment is limited to determining whether the common pleas court committed an error of law or abused its discretion. *See Kuehner v. Parsons*, 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987), *appeal denied*, 517 Pa. 626, 538 A.2d 879 (1988).

■ Pennsylvania Rule of Civil Procedure No. 1035(b) provides that summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. It is well established that an entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 507 A.2d 323 (1986).

The Borough and the School District contend that they are afforded governmental immunity under Sections 8541 and 8542 of the Judicial Code [2] when those provisions are

---

**2.** Sections 8541 and 8542(a) of the Judicial Code, 42 Pa.C.S. §§ 8541 and 8542(a) provide:

*§ 8541. Governmental immunity generally*
Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any person.

*§ 8542. Exceptions to governmental immunity*
*(a) Liability imposed.*—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

read in *pari materia* with the immunity provisions for landowners set forth in Sections 3 and 6 of the Recreation Act.[3] Specifically, the appellants contend that pursuant to Section 8542(a)(1), the DiMinos are unable to maintain an action against the Borough and School District because they have no common law or statutory cause of action against appellants as landowners under the Recreation Act.[4]

 To begin, the Borough and School District's analysis of the combined effect of the Recreation Act and the governmental immunity provisions of the Judicial Code is correct. See *Farley* 100 Pa. Commonwealth Ct. at 537–38, 514 A.2d at 1025. However, we must first examine the

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

3. Sections 3 and 6 of the Recreation Act, 68 P.S. §§ 477–3 and 477–6 provide:

§ 477–3.

Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

§ 477–6.

Nothing in this act limits in any way any liability which otherwise exists:

(1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the State or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section.

4. As defined in Section 2 of the Recreation Act, 68 P.S. § 477–2, an "owner" is: "The possessor of a fee interest, a tenant lessee, occupant or person in control of the premises."

issue of whether the Borough and School District owe a duty of care as landowners under the Recreation Act.

A review of this Court's decisions indicates that the Recreation Act has repeatedly been held to apply to actions for injuries sustained while engaged in recreational activities on lands intended to be used for recreational purposes.

In our recent decision in *Walsh v. City of Philadelphia*, 126 Pa. Commonwealth Ct. 27, 558 A.2d 192 (1989) we held that the City of Philadelphia was immune from liability for damages resulting from an injury sustained on a City playground lot; specifically, a basketball court. In *Walsh* we reviewed similar cases such as *McNeill v. City of Philadelphia*, 104 Pa. Commonwealth Ct. 494, 522 A.2d 174 (1987) (minor plaintiff injured while bicycle riding when he struck a wire on a tennis net, remanded for more factual information to enable a determination of whether the land was largely unimproved or more closely resembled an enclosed facility); and *Kniaz v. Benton Borough*, 112 Pa. Commonwealth Ct. 416, 535 A.2d 308 (1988) (borough immune for injuries sustained during bingo game at borough park). All the injuries sustained in the foregoing cases occurred while the respective plaintiffs were engaged in recreational activities on lands set aside for recreational purposes.

In paragraphs 6 through 10 of their complaint, the DiMinos allege the following:

6. At all times material hereto defendant Borough possessed, owned, operated, maintained and controlled certain land, a public park and playground, known as the Maple Street Playground (hereinafter referred to as the "Maple Street Playground") located at Moser Road and Maple Street in Pottstown, Pennsylvania.

7. At all times material hereto defendant School District also possessed, operated, maintained and controlled the Maple Street Playground.

8. The land, premises, trees, building, structures, ball field and other facilities of the Maple Street Playground were designed and used for recreational activities, princi-

pally the amusement, entertainment and enjoyment of children, including minor plaintiff, who were invited to play there.

9. On or about September 9, 1981, and prior thereto, there existed on the Maple Street Playground a dangerous and unsafe condition that caused unreasonable risk of harm to children, such as minor plaintiff, on the land.

10. The dangerous and unsafe condition on the land consisted of a ravine, lined with rocks and loose dirt and gravel. Near the bottom of the ravine, there existed a large concrete cylinder capped by a manhole cover. Running roughly perpendicular to the length of the ravine was a bicycle path on both sides of the ravine which led directly into and out of the ravine and which had been used for a long period of time prior to September 9, 1981 by children such as minor plaintiff to play games. The children rode their bicycles on the bicycle path, down one side of the ravine and up the other side, failing to discover, realize and/or protect themselves against the danger of falling or otherwise being injured.

A review of the DiMinos' complaint, particularly the above paragraphs, indicates that the DiMinos are alleging that the storm ditch constitutes a dangerous and unsafe condition on the playground. Assuming that DiMinos' allegation that the storm ditch is "on the Maple Street Playground" is correct,[5] in applying the analysis used in *Walsh*, we must conclude that the Borough and the School District are immune from liability under the Recreation Act.

In *Walsh*, we reasoned that an outdoor inner-city playground falls within this Court's construction of the defini-

---

**5.** Assuming the storm ditch is not part of the playground the DiMinos have failed to state a cause of action upon which relief can be granted. In their complaint, the DiMinos allege that the Borough and School District "possessed, owned, operated, maintained and controlled" the Maple Street Playground. Nowhere in their complaint did the DiMinos set forth a cause of action against the local agency responsible for the condition of the sewer facility. Consequently, the DiMinos have failed to state a cause of action under the utility service facilities exception to governmental immunity set forth in Section 8542(b)(5) of the Judicial Code, 42 Pa.C.S. § 8542(b)(5).

tion of "land" set forth in Section 2(1) of the Recreation Act, 68 P.S. § 477–2(1).[6] Further, the DiMinos allege that minor children such as Nathan rode their bicycles on a bicycle path down one side of the ravine or storm ditch and up the other. Bicycling, although not specifically enumerated in Section 2(3) of the Recreation Act, 68 P.S. § 477–2(3) which defines "recreational purposes," [7] is clearly a type of use this Court has determined to be "recreational." In *Walsh* we stated:

> As these three cases indicate, the list of recreational uses in Section 2 of the Act is not exhaustive. We have applied the term "recreational use" to other uses which, like basketball, 1) might be pursued either indoors or outdoors (picnic bingo game), 2) are not considered to be "outdoorsy" activities in that they are not confined to natural settings (use of a sliding board, baseball game) and 3) are sports activities (baseball).

*Walsh* 558 A.2d at 196. Accordingly, the Recreation Act applies to the facts of this case.

The DiMinos also contend that the Recreation Act is inapplicable because Nathan's injuries resulted from the Borough and School District's willful failure to guard or warn against a dangerous condition, use, structure or activity. Section 6 of the Recreation Act, 68 P.S. § 477–6 provides that the Recreation Act does not limit liability for willful or malicious failure to guard or warn against dangerous conditions on the owner's land. In support of their contention, the DiMinos refer to a February 14, 1979, memorandum written two and a half years before Nathan's

6. Section 2(1) of the Recreation Act, 68 P.S. § 477–2(1) provides: As used in this act:
(1). *"Land"* Means land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty.

7. Section 2(3) of the Recreation Act, 68 P.S. § 477–2(3) provides:
(3) *"Recreational purpose"* includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports and viewing or enjoying historical, archaeological, scenic, or scientific sites.

accident by Gary W. Babin, Borough Director of Parks and Recreation, informing Joseph D. Banta, Borough Manager of the unsafe condition of the storm ditch. That memorandum provides in part:

Could you please inform me of any plans that the borough has for the completion of the open storm ditch in Maple Street Park as the storm drain and ditch in its present condition causes an extremely unsafe and hazardous situation within an otherwise safe neighborhood park. Because of the very real possibility of an injury occurring in or around this site, thereby generating a serious liability risk, I hope that the borough has plans to either complete the project, fill it in, or fence it off to keep children from having unobstructed access to this manmade condition to the park.

(Supplemental Reproduced Record at 276a.) Although the February 14, 1979, memorandum indicates knowledge on the part of the Borough of a dangerous condition nothing in the DiMinos' complaint alleges a *willful* or *malicious* failure to guard or warn against the dangerous or unsafe condition presented by the storm ditch. At most, the DiMinos' complaint alleges "carelessness" or "negligence" on the part of the Borough or School District and this is insufficient to bring the DiMinos within the terms of the limitations set forth in Section 6 of the Recreation Act.

 A precondition to imposing liability upon a local agency is demonstrating that the damages sought would have been recoverable if the injury were caused by a person not having available a defense of immunity. Section 8542(a)(1) of the Judicial Code, 42 Pa.C.S. § 8542(a)(1). *Walsh*, 558 A.2d at 194. Here, we are constrained to conclude that the Borough and School District owed no duty of care to Nathan because he was using the the premises for a recreational purpose. Consequently, the Borough and School District are entitled to judgment against the DiMinos as a matter of the law.

The orders of the common pleas court which denied the motions of the Borough and School District for summary judgment are reversed.

## ORDER

AND NOW, this 25th day of September, 1989, the orders of the Court of Common Pleas of Montgomery County in the above-captioned proceedings denying the motions of the Borough of Pottstown and the School District of Pottstown for summary judgment are reversed and the cases are remanded for entry of an appropriate order consistent with the foregoing opinion.

Jurisdiction relinquished.