598 A.2d 357

Nathan DiMINO, a Minor, by his parents and natural guardians, John DiMINO and Eleanor DiMino, and John DiMino and Eleanor DiMino, husband and wife, in their own right

v.

BOROUGH OF POTTSTOWN, School District of Pottstown, Recreational Consultants and Floyd G. Hersh, Inc.,

Appeal of BOROUGH OF POTTSTOWN, Appellant.

Nathan DiMINO et al.

v.

BOROUGH OF POTTSTOWN, School District of Pottstown and Recreational Consultants, Inc. et al.

Appeal of SCHOOL DISTRICT OF POTTSTOWN, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Oct. 11, 1991.

684

Louis A. Bové, for appellant, Borough of Pottstown.
David J. Otis, for appellant, School Dist. of Pottstown.
Mark A. Lublin, for appellees.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

McGINLEY, Judge.

Before this Court for reconsideration are the consolidated interlocutory appeals of the Borough of Pottstown (Borough) and the School District of Pottstown (School District) filed from the respective orders of the Court of Common Pleas of Montgomery County (common pleas court) which certified for appellate review[1] the denial of motions for summary judgment filed on behalf of the Borough and School District to a civil action brought by Nathan DiMino, a minor, and his parents, John and Eleanor DiMino (DeMinos) to recover damages for injuries Nathan sustained as a result of a bicycle accident.

In our previous decision in this matter, *DiMino v. Borough of Pottstown*, 129 Pa.Commonwealth Ct. 154, 564 A.2d 1329 (1989) (*DiMino I*), we held that the Borough and the School District were provided immunity under the Recreation Use of Land and Water Act (RUA)[2] and therefore owed no duty to Nathan DiMino because he was using the playground for recreational purposes. *Id.*, 129 Pa.Commonwealth Ct. at 164, 564 A.2d at 1334–1335. However, we based our decision in *DiMino I* on this Court's decision in *Walsh v. City of Philadelphia*, 126 Pa.Commonwealth Ct. 27, 558 A.2d 192 (1989), wherein we held that an outdoor inner-city playground lot constituted "land" within the meaning of Section 2 of the RUA, 68 P.S. § 477–2, and thus the City of Philadelphia was immune from suit for injuries suffered by an individual while playing a game of basketball. *Id.*, 126 Pa.Commonwealth Ct. at 33–34, 558 A.2d at 195–196. However, the Supreme Court subsequently reversed this Court's decision in *Walsh* and held that the municipal playground in that case was not "land" within Section 2 of the RUA. *Walsh v. City of Philadelphia*, 526

1. Pursuant to Pa.R.A.P. 1311 this Court permitted the Borough and School District's interlocutory appeals.

2. Act of February 2, 1966, P.L. (1965) 1860, *as amended*, 68 P.S. §§ 477–1 to 477–8.

Pa. 227, 585 A.2d 445 (1991). In *Walsh* the Supreme Court noted:

When a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain the improvements. When such an improved facility is allowed to deteriorate and that deterioration causes a foreseeable injury to persons for whose use the facility was designed, the owner of the facility is subject to liability. We do not believe that the RUA was intended by the legislature to circumvent this basic principle of tort law.

In light of these considerations, it would be totally unwarranted to deny plaintiff Walsh any recovery for those injuries which resulted from Philadelphia's negligent maintenance of the basketball and boccie courts involved in the case at bar. Accordingly, we hold that the City of Philadelphia is not entitled to claim immunity under the RUA simply because the Guerin Recreation Center, which it owns, is an outdoor recreational facility.

*Id.*, 526 Pa. at 238–239, 585 A.2d at 450–451. In the present case, by an order dated January 15, 1991, the Supreme Court granted the DiMinos' petition for allowance of appeal and remanded this matter to this Court for reconsideration in light of *Walsh*. 527 Pa. 589, 588 A.2d 511.

In *DiMino I*, we summarized the factual and procedural history of this case as follows:

On September 9, 1981, Nathan, then fourteen years old, sustained severe injuries including a shattered kidney which was surgically removed, permanent brain damage and permanent disfigurement when he lost control of his bicycle in a gravel storm sewer ditch or ravine (storm ditch) and struck a concrete cylinder drain capped by a manhole cover. The storm ditch was surrounded on both sides by the Borough's Maple Street Playground (playground) which contains tennis courts, two baseball fields, basketball courts and various playground equipment. Although the playground, jointly operated by the Borough and School District, was fenced in, the storm ditch was not.

On May 25, 1983, Nathan and his parents, filed a civil action for damages alleging the Borough and School District were negligent in knowingly allowing a dangerous condition to exist on the playground and failing to take any measures to protect children from possible injury.

After the close of the pleadings, the Borough and School District filed motions for judgment on the pleadings asserting they were immune from suit under Section 8541 of the Judicial Code, 42 Pa. C.S. § 8541 and the Recreation Use of Land and Water Act (Recreation Act), Act of February 2, 1966, P.L. (1965) 1860, as amended, 68 P.S. §§ 477-1 to 477-8. The motions were denied and the Borough and School District subsequently filed motions for summary judgment, again claiming immunity. The common pleas court denied the motions without prejudice, granting the Borough and School District leave to refile their motions for summary judgment based upon this Court's decision in *Farley v. Township of Upper Darby,* 100 Pa.Commonwealth Ct. 535, 514 A.2d 1023 (1986). The Borough and School District refiled the motions for summary judgment. The motions were again denied, but the common pleas court subsequently certified for review the Borough and School District's interlocutory appeals under Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b). This Court subsequently permitted the appeals.

*DiMino I,* 129 Pa.Commonwealth Ct. at 158–159, 564 A.2d at 1331–1332.

On remand, we are called upon to determine whether the Maple Street Playground in the present case is an outdoor recreational facility similar in nature to the Guerin Recreation Center in *Walsh* and to accordingly determine whether the Borough and School District are entitled to immunity under the RUA.[3]

3. Our scope of review of a common pleas court order either granting or denying summary judgment is limited to determining whether the common pleas court committed an error of law or abused its discretion. *See Kuehner v. Parsons,* 107 Pa.Commonwealth Ct. 61, 527 A.2d 627 (1987), *appeal denied,* 517 Pa. 626, 538 A.2d 879 (1988). Pennsyl-

To reiterate the issues presented in *DiMino I,* the Borough and the School District contend that they are afforded governmental immunity under 42 Pa.C.S. §§ 8541 and 8542(a) [4] when those provisions are read in *pari materia* with the immunity provision for landowners set forth in Section 3 of the RUA.[5] Specifically, the appellants contend that pursuant to Section 8542(a)(1), the DiMinos cannot maintain an action against the Borough and School District because they have no common law or statutory cause of

vania Rule of Civil Procedure No. 1035(b) provides that summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. It is well established that an entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986).

4. 42 Pa.C.S. §§ 8541 and 8542(a) provide:

   *§ 8541. Governmental immunity generally*
   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any person.

   *§ 8542. Exceptions to governmental immunity*
   *(a) Liability imposed.*—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

   (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

   (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

5. Section 3 of the RUA, 68 P.S. § 477–3 provides:

   Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

action against appellants as landowners under the RUA.[6]

In *Walsh* the Supreme Court examined the scope of the immunity provided by the RUA in light of its two previous decisions interpreting the statute: *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo,* 510 Pa. 1, 507 A.2d 1 (1986) and *Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986). As noted by the Court in *Walsh,* the focus in *Rivera* is on the meaning of the word "land" as used in the RUA while the focus in *Auresto* is on the distinction between public and private landowners. *Walsh,* 526 Pa. at 234, 585 A.2d at 448.

Section 2(1) of the RUA, 68 P.S. § 477–2(1), provides that "as used in the act: 'land' means land, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty." In interpreting "land" as defined by Section 2, the Court in *Walsh* noted that the RUA was designed by the legislature for the purpose of opening unimproved land for outdoor recreational use. 526 Pa. at 235, 585 A.2d at 449. The Court quoted from its decision in *Rivera* as follows:

> The Recreation Use Act [RUA] is therefore designed to encourage the opening up of large private [7] landholdings for outdoor recreational use by the general public by limiting the liability of the landowner. Considering that purpose, we believe the Legislature intended to limit the meaning of the words 'buildings, structures and machinery or equipment when attached to the realty' in Section 2 of the Act, 68 P.S. § 477–2, to ancillary structures attached to open space lands made available for recreation

6. As defined in Section 2 of the RUA, 68 P.S. § 477–2, an "owner" is: "The possessor of a fee interest, a tenant lessee, occupant or person in control of the premises."

7. In *Auresto* the Supreme Court held that the Commonwealth, as a landowner, is afforded protection under the RUA to the same extent as that of a private landowner. 511 Pa. at 78, 511 A.2d at 817.

and not to enclosed recreational facilities in urban regions. 510 Pa. at 15, 507 A.2d at 8.

*Walsh,* 526 Pa. at 235, 585 A.2d at 449.

With the above principles in mind, the Court in *Walsh* examined the Guerin Recreation Center. The Court noted that the playground, a cement recreational facility located in the City of Philadelphia, was a half block long, one block wide and contained basketball courts, boccie courts and benches. The Court then reasoned that "[t]o extend the provisions of the RUA to the center—a completely improved recreational facility—would be to ignore the purpose of the Act and to disregard the reasonable expectations of the users of such a facility." *Id.,* 526 Pa. at 238, 585 A.2d at 450. The Court further noted that although the Commonwealth is entitled to the same protection under the RUA as a private landowner, "[i]t would be illogical, however, to extend the RUA to provide blanket immunity to all government owned and operated recreational facilities. Such an extension of the RUA is inconsistent with the present public policy trends away from blanket immunity for sovereign authorities." *Id.* Accordingly, the Court in *Walsh* held that for immunity under the RUA the land must be more than simply an outdoor recreational facility. *Id.,* 526 Pa. at 239, 585 A.2d at 451.

■ In the present case, the DiMinos contend that the Maple Street Playground is an outdoor recreational facility similar to the Guerin Recreation Center in *Walsh* and therefore the Borough and School District are not entitled to immunity under the RUA. Consequently, the DiMinos contend that they have established a cause of action against the Borough and School District under the real property exception to governmental immunity set forth in 42 Pa.C.S. § 8542(b)(3).[8] We agree.

8. 42 Pa.C.S. § 8542(b)(3) provides:

(b) Acts which impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

The record indicates that both the Borough and the School District admit that the Maple Street Playground, located in the Borough of Pottstown, was developed as a playground by Recreation Consultants, Inc. and Floyd Hersh, Inc., during October of 1979. Reproduced Record (R.R.) at 288a, 292a.[9] The Borough and the School District also admit that the Maple Street Playground includes the open storm ditch where Nathan DiMino claims he was injured. R.R. at 288a, 291a. Furthermore, the Borough and School District describe the playground as "[t]wo ball fields with back stops, two tennis courts, one basketball court, one play area with swings, teeter-totter, slide. Small natural wooded area along railroad." R.R. at 311a, 400a.[10]

A review of the Borough's and the School District's admissions of record and answers to the DiMinos' interrogatories as set forth above indicate that there is no dispute that the Maple Street Playground is a developed recreational facility with improvements similar to the playground in *Walsh*. Although the Maple Street Playground is not entirely paved with concrete as is the Guerin Recreation Center in Philadelphia, it is nevertheless an urban recreational facility constructed for use as a playground. Accordingly, in light of the Supreme Court's interpretation of the RUA in *Rivera* and *Walsh* we must conclude that the Borough and School District cannot claim immunity under the RUA.

■ Also, the School District contends that in the event that immunity under the RUA does not apply, it is still not subject to liability based upon our decision in *Crowell v.*

(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

**9.** School District of Pottstown's Request For Admissions (R.R. at 287a–290a) and Borough of Pottstown's Answers to School District of Pottstown's Request For Admissions (R.R. at 291a–293a).

**10.** Borough of Pottstown's Answers to Plaintiffs' Interrogatories (R.R. at 307a–396a) and School District of Pottstown's Answers to Plaintiffs' Interrogatories (R.R. at 397a–473a).

*City of Philadelphia,* 131 Pa.Commonwealth Ct. 418, 570 A.2d 626, *appeal granted,* 525 Pa. 550, 582 A.2d 1311 (1990). Specifically, the School District contends that *Crowell* eradicated joint tortfeasor liability against a government unit. Although *Crowell* involved joint tortfeasor liability between a government unit and non-government unit, this Court, in *Buschman v. Druck,* 139 Pa.Commonwealth Ct. 182, 187, 590 A.2d 53, 55–56 (1991), overruled *Crowell* insofar as it held that a governmental unit can never be held liable with a non-government unit.

However, in the present case both the Borough and the School District are governmental units responsible for exercising care, custody or control of the Maple Street Playground. Since the record indicates that while the Borough owns and maintains the playground, there is a factual dispute as to whether the Borough or the School District is responsible for supervising the playground (*See* R.R. at 288a and 292a), we must conclude that the common pleas court correctly determined that the DiMinos have established a cause of action under the real property exception, 42 Pa.C.S. § 8542(b)(3), against both the Borough and the School District.

Accordingly, we vacate our September 25, 1989 order in this matter (*DiMino I*) and affirm the orders of the common pleas court denying the motions of the Borough of Pottstown and the School District of Pottstown for summary judgment.

## ORDER

AND NOW, this 11th day of October 1991, the order of this Court in the above-captioned case dated September 25, 1989 is vacated and the orders of the Court of Common Pleas of Montgomery County denying the motions of the Borough of Pottstown and the School District of Pottstown for summary judgment are affirmed. Jurisdiction is relinquished.