**Charles E. SIMMONS,**

v.

**COMMUNITY SERVICE PROVIDERS, INC.**

**Civ. A. No. 93–6110.**

United States District Court, E.D. Pennsylvania.

March 24, 1994.

352

Charles E. Simmons, Philadelphia, PA, for plaintiff.

John C. Wright, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil action has been brought before the Court by motion of the Defendant, Community Service Providers, Inc. to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted against it. For the reasons which follow, the motion is granted.

### I. HISTORY OF THE CASE.

From all appearances, this case is one for unlawful employment discrimination which was filed subsequent to the EEOC's determination that insufficient evidence existed to support the plaintiff's allegation that he had been unlawfully terminated from his employment as a contract coordinator with the defendant company on the basis of his sex (male). Specifically, Mr. Simmons' complaint alleges the following as his statement of claim:

> 3. "I didn't disregard of company program rules/policies[.] I believe that company violation [sic] my right as employee[.] I has suffered and will continue to suffer irreparable injury caused by defendant [sic] illegal conduct."

At paragraph 4, the plaintiff seeks the following as damages:

> 4. "Compensate for the pain and suffering and for the humiliation cause [sic] by defendants [sic] unlaw [sic] treatment. [L]etter of recommendation[.]"

### II. DISCUSSION

In response, Defendant now moves, pursuant to Fed.R.Civ.P. 12(b)(6), for dismissal of this action on the grounds that the foregoing allegations are patently insufficient to state a claim against it upon which relief can be granted. We agree.

It is axiomatic that in considering a motion to dismiss under Rule 12(b)(6), the complaint's allegations are to be construed favorably to the pleader and a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Rogers v. Mount Union Borough By Zook,* 816 F.Supp. 308, 312 (M.D.Pa.1993); *Flohr v. Pennsylvania Power & Light Co.,* 800 F.Supp. 1252, 1254 (E.D.Pa.1992). Thus, the court is under a duty to examine the pleadings to determine if the allegations provide for relief under any theory. Although a pleading need not correctly categorize legal theories giving rise to the claims, the complaint must nevertheless provide a defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Williams v. New Castle County,* 970 F.2d 1260, 1265–1266 (3rd Cir.1992); *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1460 (E.D.Pa.1992). Moreover, lay drafted pleadings and *pro se* complaints are to be more liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall,* 454 U.S. 364, 365–66, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Gans v. Gray,* 612 F.Supp. 608, 611 (E.D.Pa.1985).

 Applying these standards to the allegations contained in paragraphs 3 and 4 above, we find that they are insufficient, without more, to put the defendant on notice of what it is being charged with and to enable it to formulate a defense. This finding notwithstanding, however, we cannot say with certainty at this juncture that the plaintiff will never be able to allege any facts which constitute a cause of action under any theory. Accordingly, we shall grant Mr. Simmons leave to file an amended complaint which conforms with the following requirements of the Federal Rules of Civil Procedure.

Specifically, the amended complaint should contain a short and plain statement of the grounds upon which the Court's jurisdiction rests and of the plaintiff's claim showing that he is entitled to relief. Fed.R.Civ.P. 8(a)(1), (2). Any averments of fraud or mistake and any items of special damages must be pleaded with particularity. Fed.R.Civ.P. 9(b), (g). The complaint must include a demand for judgment for the relief sought. Fed.R.Civ.P. 8(a)(3). Each allegation must be stated simply, concisely and directly in separate, numbered paragraphs with each paragraph containing, so far as practicable a single set of circumstances. Fed.R.Civ.P. 8(e), 10(b). Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number and a designation as to the type of pleading which it is and the title of the action in the complaint must include the names of all of the parties. Fed. R.Civ.P. 10(a). If any part of the plaintiff's claim is based upon a written instrument, that document should be attached as an exhibit to the complaint. Fed.R.Civ.P. 10(c). In addition, the complaint must be signed by the plaintiff (or his attorney should he decide to hire one) and his address should be clearly indicated thereon. Fed.R.Civ.P. 11.

An appropriate order is attached.

### ORDER

AND NOW, this 24th day of March, 1994, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED with leave to file an Amended Complaint in conformity with the Federal Rules of Civil Procedure within twenty (20) days of the entry date of this order.